1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11    ABDULLAH AHAMED,

Case No. 23-cv-1726-BAS-BLM

12                                    Plaintiff,

**ORDER GRANTING MOTION TO**

13        v.

**DISMISS (ECF No. 7)**

14    NAVY FEDERAL CREDIT UNION,

15                                    Defendant.

16

17        This case concerns a disputed payment of credit card debt.  Proceeding pro se,

18    Plaintiff Abdullah Ahamed ("Plaintiff" or "Ahamed") claims he paid his credit card debt

19    to Defendant Navy Federal Credit Union ("Defendant" or "Navy Federal") through a bill

20    of exchange that Defendant did not properly credit to his account.  For the reasons set forth

21    below, the Court **GRANTS** Defendant's motion to dismiss the Complaint.  (ECF No. 7.)

22    **I.    BACKGROUND**

23        As best as the Court can ascertain from the Complaint, Plaintiff alleges claims under

24    multiple theories of liability concerning Defendant closing his credit card account and not

25    applying an endorsed bill toward the balance on the account.  The Court deduces from the

26    material in the Complaint that Plaintiff had an overdue credit card balance with Navy

27    Federal and sent in an "endorsed bill" as payment.  (ECF No. 1 at 2:7–15, 2:17–19, 3:4–7;

28    ECF No. 1-2, Ex. 1 at 1).  However, Navy Federal did not apply that endorsed bill to

Plaintiff's account (ECF No. 1 at 2:17–19), closed the account, and has continued to contact Plaintiff in apparent efforts to compel Plaintiff to pay his credit card balance (*Id.* at 4:7–9).

Based upon these factual allegations, Plaintiff appears to raise claims for breach of contract, breach of fiduciary duty, violation of the Federal Reserve Act, securities fraud, identify theft, extortion, violation of the Fair Debt Collection Practices Act ("FDCPA"), and violation of the Fair Credit Reporting Act ("FCRA"). Plaintiff requests relief of the Court to require Navy Federal to "renew the breached contract and to transfer the principal's balance to the principal's account each and every billing cycle for set-off." (*Id.* at 5:5–6.)

Defendant now moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 7-1 at 6:3–7.)

## II.   LEGAL STANDARD

Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to make sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citations omitted). In evaluating the sufficiency of these factual allegations, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). The court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009). "[A]lthough pro se pleadings are construed liberally, even pro se

pleadings 'must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.'" *Doe v. Fed. Dist. Ct.*, 467 F. App'x 725, 727 (9th Cir. 2012) (quoting *Brazil v. U.S. Dep't of Navy,* 66 F.3d 193, 199 (9th Cir. 1995)).

If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to amend the complaint, and it "acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020) (citation omitted).

## III.  ANALYSIS

Preliminarily, the Court notes that Plaintiff raised a number of additional claims in his Response to Defendant's Motion to Dismiss. (ECF No. 8 at 6:12–7:7, 11:7–8.) Plaintiff also alleges in his sur-reply that he made constitutional claims in the complaint, but the Court has found none. (ECF No. 12:10:3–4.) The Court can find no such claims and as such considers no arguments related to them. A court may not consider additional claims alleged in a response and outside of the Complaint; as such, the Court shall not consider these additional claims here. *UFCW Loc. 1500 Pension Fund*, 895 F.3d at 698. The Court evaluates whether Plaintiff has sufficiently pled each claim in his Complaint (ECF No. 1) and thus goes claim by claim in its analysis.

### (1)  The FDCPA and FCRA Claims

Defendant alleges that Plaintiff, by not responding to Defendant's motion to dismiss certain of his claims, has abandoned them and thus the Court must dismiss them. (ECF No. 11 at 7:16–18, 8:6–8.)

Indeed, per this Chambers' rules, an opposing party's failure to file an opposition to any motion may be construed as consent to the granting of the motion pursuant to Civil Local Rule 7.1(f)(3)(c). Chambers Rule 4.K. Application of such local rule to a 12(b)(6) motion is permissible. *See Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021) ("[T]he decision whether to apply [a local] rule strictly or to overlook any transgression is one left to the district court's discretion." (citation omitted)). However, considering the Plaintiff is

- 3 -

proceeding in pro se and avers in his sur-reply that he "does not wish to abandon" his FDCPA and FCRA claims, the Court exercises its discretion to find Plaintiff has not abandoned these claims.  (ECF No. 12 at 9:12–13.)

Even so, Plaintiff has not alleged facts sufficient to plausibly plead them.  He claims Navy Federal's continued attempts to collect on the credit card debt through "sending mail and calling Plaintiff" is a "violation of Plaintiff's rights according to FDCPA."  (ECF No. 1 at 4:7–9 (citing 15 U.S.C. § 1672).)  He further claims that Navy Federal reporting his delinquent credit card account to consumer reporting agencies was "not fair or accurate" and thus violated FCRA.  (ECF No. 1 at 4:3–5 (citing 15 U.S.C. § 1681).)  Plaintiff does not allege which provisions of either of these statutes were violated.  Both FCRA and FDCPA contain dozens of provisions within the larger statutes, and it is unjust to expect Navy Federal to have to defend each and every one of them.  Without specification, Plaintiff has not pled the claims sufficiently so as to give Defendant notice "of what it is that it allegedly did wrong."  *Doe*, 467 F. App'x at 727 (citation omitted).

Therefore, the Court finds that because Plaintiff did not specify the claims he is raising, he did not sufficiently plead his claims under FCRA and FDCPA, and they shall therefore be **DISMISSED** without prejudice.

**(2)    Breach of Contract**

Plaintiff claims Navy Federal breached its contract by not applying Plaintiff's "endorsed bill" to satisfy his credit card balance.  (ECF No. 1 at 2:7–15, 2:17–19, 3:4–7.)

To state a claim for breach of contract under California law, plaintiff must allege (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach of the contract; and (4) damages flowing from the breach.  *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239, 70 Cal.Rptr.3d 667 (2008).  This requires plaintiff to plead the specific terms of the contract or the contract's legal effect.  *N. Cnty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (citation omitted).  At a minimum, "[t]he complaint must identify the specific provision of the contract allegedly breached by the defendant."  *Donohue v. Apple, Inc.*, 871 F. Supp. 2d

913, 930 (N.D. Cal. 2012) (citation omitted); *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, at *10 (N.D. Cal. Jan. 28, 2011) (holding that a plaintiff must allege sufficient facts "to allow the Court to draw a reasonable inference that [there was a] definite promise, supported by consideration, that would establish a binding and enforceable contract").

Here, Plaintiff's vague allegations are insufficient to establish the existence of an enforceable contract between him and Navy Federal. *See A.B. Concrete Coating Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 491 F. Supp. 3d 727, 735–36 (E.D. Cal. 2020). Plaintiff does not allege when the contract was formed, nor the performance required of each party under the contract. Without a copy of the contract itself or more specific allegations as to its nature and the performance expected for each side, the Court cannot judge whether Plaintiff has sufficiently pled that Navy Federal breached any contract.

Moreover, Plaintiff has not sufficiently pled facts alleging he completed performance on any contract with Navy Federal by paying it with an "endorsed bill." He does not allege that it was an acceptable form of payment, as per the contract's terms, nor does he support his conclusory allegation that he paid his account down. Plaintiff attached to the Complaint his "Endorsed Bill" to Navy Federal, stating that the amount enclosed was $20,030.07, but the exhibit includes no proof of such payment beyond the bare assertion on Page 1 of Exhibit 1 that the mailing enclosed the payment. (ECF No. 1-2, Ex. 1 at 1.) These are legal conclusions and not factual allegations. Accordingly, Plaintiff's claim as to Navy Federal's breach of contract is **DISMISSED** without prejudice.

### (3)   Breach of Fiduciary Duty

Plaintiff alleges Navy Federal breached a fiduciary duty "by not accepting the lawful payment [made by Plaintiff]." (ECF No. 1 at 2:17–19.) As Navy Federal rightly notes, however, it did not owe a fiduciary duty to Plaintiff. *See Simi Mgmt. Corp. v. Bank of Am., N.A.*, 930 F. Supp. 2d 1082, 1100 (N.D. Cal. 2013) ("The relationship between the [bank and customer] is not fiduciary, but rather is contractual in nature."). Without a fiduciary duty, there is no way for Plaintiff to claim Navy Federal breached any such duty. Therefore, amendment of this claim is futile and the claim is **DISMISSED** with prejudice.

### (4)    Violation of the Federal Reserve Act

Plaintiff alleges Defendant committed a Tier 3 violation of the Federal Reserve Act. (ECF No. 1 at 3:7–10 (citing to 12 U.S.C. § 504(c)).)  However, there is no private right of action for Plaintiff's claim that Defendant violated the Federal Reserve Act.  *Bockari v. J.P. Morgan Chase Bank*, No. 213CV2603JAMEFBPS, 2016 WL 5234719, at *3 (E.D. Cal. Sept. 22, 2016), *report and recommendation adopted,* No. 213CV2603JAMEFBPS, 2016 WL 10636364 (E.D. Cal. Dec. 27, 2016), *aff'd sub nom. Bockari v. JPMorgan Chase & Co.*, 695 F. App'x 309 (9th Cir. 2017).  Although Plaintiff argues at length that he believes Defendant violated the Federal Reserve Act, he cannot duck the key issue: Plaintiff is not the proper party to bring such claim.  Accordingly, amendment of this claim is futile and the claim is **DISMISSED** with prejudice.

### (5)    Securities Fraud

Plaintiff claims Defendant committed "[s]ecurity fraud and identity theft" for "withholding Plaintiff from securities and utilizing private property for public use without just compensation." (ECF No. 1 at 3:12–14.)  To state a claim for securities fraud, a plaintiff must: "allege a material misrepresentation or omission of fact, scienter, a connection with the purchase or sale of a security, transaction and loss causation, and economic loss." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017).  Here, Plaintiff has failed to demonstrate that his claims relate in any way, shape, or form to the purchase or sale of a security.  As such, Plaintiff has failed to state a claim for securities fraud and the claim is **DISMISSED** without prejudice.

### (6)    Identity Theft

As for Plaintiff's claim of identity theft, Plaintiff has failed to sufficiently plead that claim as well. (ECF No. 1 at 3:12–14.)  Plaintiff does not cite to a statute as support of his claim, so the Court examines the claim under the two possible relevant statutes.  The federal crime of identity theft, 18 U.S.C. § 1028, does not include a private cause of action and as such Plaintiff cannot bring his claim under the federal statute, *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302–03 (E.D.N.Y. 2004).  However, California provides for a private right

23cv1726

of action to allege identity theft, but Plaintiff fails to successfully plead this claim. Cal. Civ. § 1798.93. To plead his claim, Plaintiff must allege Defendant "willfully obtain[ed]" his "personal identifying information" and used it for "any unlawful purpose." Cal. Penal § 530.5(a). In his Complaint, all Plaintiff says on the matter is that he brings a claim against Navy Federal for identity theft for "withholding Plaintiff from securities and utilizing private property for public use without just compensation." (ECF No. 1 at 3:12–14.) Such allegations are legal conclusions and do not contain the necessary factual support to survive a Rule 12(b)(6) motion to dismiss. As such, Plaintiff's claim for identity theft is **DISMISSED** without prejudice.

### (7) Extortion

Plaintiff claims that Navy Federal committed a "clear act of extortion" when Defendant closed his credit card account. (ECF No. 1 at 3:20–4:1.) Under federal law, extortion when it comes to extending credit is "any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person." 18 U.S.C. § 891(6). Plaintiff has made no factual allegation demonstrating an understanding by him or Navy Federal, let alone both of them, that any delay in his repayment could result in either violence or other criminal means to harm Plaintiff's person, reputation, or property. Accordingly, Plaintiff's claim of extortion is **DISMISSED** without prejudice.

## IV. CONCLUSION

Accordingly, the Court rules as follows on Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 7):

(1) **GRANTED** with prejudice as to Plaintiff's claim of breach of fiduciary duty.

(2) **GRANTED** with prejudice as to Plaintiff's claim Defendant violated the Federal Reserve Act.

23cv1726

(3) **GRANTED** without prejudice as to Plaintiff's claim Defendant violated FCRA.

(4) **GRANTED** without prejudice as to Plaintiff's claim Defendant violated FDCPA.

(5) **GRANTED** without prejudice as to Plaintiff's claim of breach of contract.

(6) **GRANTED** without prejudice as to Plaintiff's claim Defendant committed securities fraud.

(7) **GRANTED** without prejudice as to Plaintiff's claim Defendant committed identity theft under California law.

(8) **GRANTED** without prejudice as to Plaintiff's claim Defendant committed extortion.

If Plaintiff wishes to amend his Complaint, he must do so on or before **April 19, 2024**.

**IT IS SO ORDERED.**

**DATED: March 29, 2024**

**Hon. Cynthia Bashant**
**United States District Judge**

23cv1726